IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELISHA HUNTER,
individually and as Personal
Representative of the Estate of
Stanley Bell, deceased,

    Plaintiff,

v.

HETAL AMIN, M.D., et al.,

    Defendants.                                  Case No. 07-cv-296-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

        Before the Court is defendant Mearl J. Justus ("Justus") and St. Clair County's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 4), to which Plaintiff has responded (Doc. 6). Plaintiff, Elisha Hunter, brings this action individually and as Personal Representative of the Estate of Stanley Bell ("Bell"), now deceased, against the following defendants: Hetal Amin, M.D., St. Clair County, Illinois, Mearl J. Justus, John Doe and Jane Doe. Hetal Amin, M.D. ("Dr. Amin") is a physician employed by St. Clair County, Illinois (Doc. 3, ¶ 2). Justus is the Sheriff of St. Clair County, Illinois, and is therefore an employee of the County (*Id.* at ¶ 4). John Doe and Jane Doe were also, at the time of the events giving rise to Plaintiff's claims, employees of St. Clair County (*Id.* at ¶¶ 5-6).

        Count I is a claim of "Lost Chance of Survival or Recovery" (*Id.* at ¶¶ 9-

13). Plaintiff alleges that Dr. Amin, who treated Bell for his mental health condition, determined that Bell no longer needed mental health medication and ordered certain employees of St. Clair County to withhold the medication from Bell (*Id.* at ¶ 11). The allegations also state that Dr. Amin failed to instruct defendants St. Clair County, Justus, John Doe and Jane Doe to place Bell on a suicide watch (*Id.*). Plaintiff claims that due to Dr. Amin's alleged negligence, Bell suffered both mental distress and a lost chance of survival from his mental health condition. Count II states a Wrongful Death claim against all Defendants (*Id.* at ¶¶ 14-18). The allegations are the same as in Count I, however, Count II adds the additional allegation that as a result of Dr. Amin's negligence, Bell's mental health condition caused him to commit suicide (*Id.* at 17). Count III states a § 1983 civil rights claim against all Defendants (*Id.* at ¶¶ 19-26) and is not at issue in the instant Motion.

Defendant Justus has been sued both individually and in his official capacity as Sheriff of St. Clair County, Illinois. Both he and St. Clair County, Illinois (in a *respondeat superior* capacity) assert that Counts I and II of Plaintiff's Complaint should be dismissed against Justus for failure to state a claim upon which relief may be granted, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc. 4, pp. 3-7). Namely, Defendants believe that under Section 2-204 of the Illinois Tort Immunity Act, Justus is immune from a medical malpractice/negligence cause of action in both Counts I and II, as the allegations only infer he was *vicariously* involved with Bell's medical treatment. Section 2-204 of the Illinois Tort Immunity Act provides:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

**745 Ill. Comp. Stat. 10/2-204**.

As Plaintiff has not pled that Justus had any direct involvement with the alleged negligent acts giving rise to Counts I and II and because vicarious liability is precluded by Section 2-204, Defendants believe the two Counts should be dismissed with prejudice under **Rule 12(b)(6)**. In her Response, Plaintiff concedes that Defendants' argument is correct and agrees that Counts I and II against Justus should be dismissed.

Defendants assert another ground for dismissal of Counts I and II, which Plaintiff opposes. Defendants argue that Counts I and II should be dismissed with prejudice for failure to include the attorney's affidavit and health professional's written report when filing the Complaint, as required for medical malpractice suits under Section 2-622(a)(1) of the Illinois Code of Civil Procedure (Doc. 4, pp. 7-11). **735 Ill. Comp. Stat. 5/2-622(a)(1)**. In lieu of the attorney's affidavit and health professional's written report, Plaintiff's attorney submitted an affidavit with the Complaint, in accordance with Section 2-622(a)(2). A Section 2-622(a)(2), which is to be used when the attorney was unable to obtain a health professional consultation before the expiration of the statute of limitations, allows the affiant a one time 90-day extension after filing Complaint, to file the accompanying affidavit and written report required under Section 2-622(a)(1).

Plaintiff's attorney filed the Complaint and Section 2-622(a)(2) affidavit on April 24, 2007. Plaintiff explains that the reason the Section 2-622(a)(1) affidavit and written report could not be filed with the Complaint is because, at the time, she was still waiting for the Jefferson County Circuit Court to order both Fulton State Hospital and Jefferson Memorial Hospital to release Bell's medical records (Doc. 6, pp. 2-3). These records, she claims, were an essential part of Bell's medical file that the health professional needed to review in order to properly prepare the written report (*Id.* at 2). In support, Plaintiff attaches both a list of Bell's medical records requested from Fulton and Jefferson Memorial Hospitals and copies of the Jefferson County Circuit Court orders compelling the hospitals to produce the records to Plaintiff (Doc. 6, Exs. 1 & 2). The orders compelling production were issued on March 19, 2007 for Fulton State Hospital and April 24, 2007 for Jefferson Memorial Hospital (Doc. 6, p. 3, Ex. 2). Plaintiff thereafter filed the Section 2-622(a)(1) attorney affidavit and healthcare professional written report on July 17, 2007 (Doc. 13).

Defendants question whether Plaintiff was truly unable to obtain a consultation with a qualified healthcare professional before the expiration of the statute of limitations, as documents show Plaintiff's counsel received Bell's entire jail file, including Bell's medical records, on or about October 25, 2005 – well over a year before Plaintiff filed her Complaint (Doc. 4, p. 9, Ex. B). Yet, Defendants did not specifically reply to Plaintiff's showing of good cause for delay in that she was waiting on court orders compelling both Fulton and Jefferson Memorial Hospitals to

produce medical records essential to Bell's file. Regardless, under Illinois law, Plaintiff is not required to make a showing of good cause to use the 90-day extension provided by Section 2-622(a)(2). Plaintiff filed the attorney's affidavit and written report required by Section 2-622(a)(1) within 90 days of filing her Complaint. Therefore, at least procedurally, it is sufficient; Defendants' argument in this regard is moot. **See Neuman v. Burstein, 230 Ill. App. 3d 33, 38 595 N.E.2d 659, 663 (2d Dist. 1992) ("[S]ection [2-622] does not require a showing of good cause before a plaintiff is eligible for the 90-day extension. Filing the attorney affidavit along with the complaint is sufficient to obtain an extension. To hold otherwise would be to ignore the clear language of section 2-622.")**.

As the parties are in agreement that Counts I and II of Plaintiff's Complaint against defendant Mearl J. Justus fail to plead a cause of action upon which relief can be granted, the Court hereby **GRANTS IN PART** Defendants' Motion to Dismiss (Doc. 4), thereby **DISMISSING WITH PREJUDICE** Counts I and II pursuant to **Rule 12(b)(6)**, as to defendant Justus only. Additionally, the Court **DENIES IN PART** Defendants' Motion to Dismiss Counts I and II of Plaintiff's Complaint for failure to comply with **735 ILL. COMP. STAT. 5/2-622**.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2008.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**